UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| FELIX JHOAN HIDALGO ESCALONA,<br><br>Petitioner,<br><br>v.<br><br>ICE FIELD OFFICER DIRECTOR,<br><br>Respondent. | Case No. 2:26-cv-01420-TMC<br><br>ORDER ON PETITION FOR WRIT OF HABEAS CORPUS |

## I.  INTRODUCTION

Before the Court is self-represented petitioner Felix Jhoan Hidalgo Escalona's petition for writ of habeas corpus. Dkt. 5. Hidalgo Escalona seeks his immediate release from Respondents' custody or a bond hearing. *Id.* at 2. For the following reasons, the petition is GRANTED in part and DENIED in part.

## II.  BACKGROUND

Hidalgo Escalona, a citizen of Venezuela, entered the United States around December 1, 2023. Dkt. 13 ¶ 4. He was arrested by United States Customs and Border Patrol, placed in removal proceedings, and issued a notice to appear. *Id.* ¶ 5; Dkt. 14-1 at 2. Hidalgo Escalona was released on an order of release on recognizance ("OREC") and placed in the Alternative to Detention program on December 9. Dkt. 13 ¶ 7; Dkt. 14-2 at 2.

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS - 1

As a condition of his release, Hidalgo Escalona was to check in with the local Immigrations and Customs Enforcement ("ICE") office. Dkt. 13 ¶ 9. He missed several check ins between June 2024 and April 2026. *Id.* ¶¶ 8, 10–59; Dkt. 14-3 at 4–5. On April 9, 2026, Hidalgo Escalona reported to the ICE office in Spokane and asked to be removed from the United States. Dkt. 13 ¶ 60; Dkt. 14-3 at 3. He was detained and transferred to the Northwest Immigration and Customs Enforcement Processing Center ("NWIPC") on April 10. Dkt. 13 ¶¶ 60–61. On May 21, Hidalgo Escalona was ordered removed to Venezuela by an immigration judge. *Id.* ¶ 62. He reserved appeal. *Id.*

The case began on April 20, 2026. Dkt. 1. An amended petition was filed on May 11. Dkt. 5. Respondents filed their response on June 5. Dkt. 12. Hidalgo Escalona filed his reply on June 15. Dkt. 16.

## III.    LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). Habeas petitioners must prove by the preponderance of the evidence that they are "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

## IV.    DISCUSSION

Hidalgo Escalona argues that his detention violates his right to procedural due process. Dkt. 5 at 1. In response, Respondents make two arguments: First, that Hidalgo Escalona is properly detained under 8 U.S.C. § 1225(b)(2)(A), Dkt. 12 at 5–7; and second, no additional process is constitutionally required under *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). *Id.* at 7–9. The Court will consider Respondents' arguments in turn.

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS - 2

**A.      Hidalgo Escalona is eligible for a bond hearing as he is subject to discretionary detention under 8 U.S.C. § 1226(a)**

This Court has previously concluded that "[d]etermining the basis for [Hidalgo Escalona's] detention requires analysis of the specific facts surrounding his previous interactions with immigration officials[,]" as those "who were apprehended on arrival could be subject to detention under § 1226(a) if the government had treated them as subject to discretionary detention since their arrival." *Maldonado v. Scott*, No. 2:26-CV-00014-TMC, 2026 WL 251819, at *2 (W.D. Wash. Jan. 30, 2026). Here, despite being apprehended on arrival, Respondents have treated Hidalgo Escalona as one subject to discretionary detention under Section 1226. Hidalgo Escalona was released shortly after he was first apprehended, on an OREC "[i]n accordance with [Section 1226]." Dkt. 14-2 at 2. The warrant for Hidalgo Escalona's April 2026 arrest also was made "pursuant to [Section 1226]." Dkt. 14-4 at 2. Accordingly, Hidalgo Escalona is subject to discretionary detention under Section 1226, and he remains eligible for release on bond while his removal proceedings are pending.

**B.      Hidalgo Escalona is not eligible for immediate release as his re-detention did not violate his right to procedural due process**

The principles of *Mathews v. Eldridge*, 424 U.S. 319 (1976) and procedural due process as applied to noncitizens living in the community under orders of supervision have been repeatedly established by the courts of this District. This Court will not retread that ground in each individual case arising from Respondents' ongoing detention of noncitizens in violation of those principles. Instead, the Court will focus on whether anything in the record distinguishes a petition from this District's body of cases on procedural due process. *see, e.g.*, *E.A.T.B. v. Wamsley*, 795 F. Supp. 3d 1316 (W.D. Wash. 2025); *Ramirez Tesara v. Wamsley*, 800 F. Supp. 3d 1130 (W.D. Wash. 2025); *Kumar v. Wamsley*, 2:25-cv-01772-JHC-BAT, 2025 WL 2677089, at *2–3 (W.D. Wash. Sept. 17. 2025). The instant petition is distinguishable because Hidalgo

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS - 3

Escalona was only arrested after: (1) nearly fifty failures to make his routine check ins; and (2) his own request for removal from the United States. Dkt. 13 ¶¶ 8–60; Dkt. 14-3 at 3. Accordingly, Hidalgo Escalona's re-detention did not violate his right to procedural due process and he is not eligible for immediate release.

## V.    CONCLUSION

For the reasons explained above, the Court ORDERS:

1.    The amended petition for writ of habeas corpus (Dkt. 5) is GRANTED in part and DENIED in part.

2.    Hidalgo Escolona's request for immediate release is DENIED.

3.    Hidalgo Escolona's request for a bond hearing is GRANTED. Within fourteen days of receiving Hidalgo Escalona's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a).

4.    Nothing in this Order prevents an IJ from granting Hidalgo Escalona a continuance in his bond proceedings.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 20th day of July, 2026.

Tiffany M. Cartwright
United States District Judge

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS - 4